1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK J. CONNORS,

                    Plaintiff,

          v.

IQUEQUE U.S.L.L.C., et al.,

                    Defendants.

CASE NO. C05-334JLR

ORDER

## I.  INTRODUCTION

This matter comes before the court on Plaintiff's motion to compel maintenance and cure (Dkt. # 22).  For the reasons stated below, the court GRANTS the motion in part and DENIES it in part.

## II.  BACKGROUND

Plaintiff is a maritime engineer who served aboard the F/V UNIMAK ("UNIMAK"), a ship that Defendants own, beginning in late May or early June 2004.  On June 15, 2004, Mr. Connors experienced chest pain while lifting a pump onboard the UNIMAK.  On June 21, 2004, while on shore, Mr. Connors again experienced chest pain.  His treating physician, Dr. Lawrence Haft, later diagnosed the June 21 incident as a mild heart attack.  Since then, he has undergone treatment, including two surgical procedures.

ORDER – 1

He continues to take numerous medications.  Dr. Haft does not believe that Plaintiff will ever be able to return to maritime employment.

Between June 21, 2004 and February 15, 2005, Defendants paid just under $5,000 in maintenance, just under $5,000 in unearned wages, and just over $100,000 in cure payments.  On February 15, 2005, Defendants terminated maintenance and cure payments.

Plaintiff now moves to compel additional maintenance and cure payments.

### III.  ANALYSIS

A shipowner's obligation to provide maintenance and cure has its roots in ancient maritime law.  Vaughan v. Atkinson, 369 U.S. 527, 532 n.4 (1962).  When a seaman is injured in service of his vessel, the shipowner has an obligation not only to bring the seaman to a port for treatment, but to pay maintenance (compensation for room and board equivalent to what the seaman would have received aboard the vessel) and cure (payments for medical treatment necessary to restore the seaman to health).  Id.; see also MARTIN J. NORRIS, THE LAW OF SEAMEN §§ 26:5-26:6 (3d ed. 1985).  Maintenance and cure are available even where the shipowner is not at fault for the seaman's injury in the service of the vessel.  Berg v. Fourth Shipmor Assocs., 82 F.3d 307, 309 (9th Cir. 1996).  A seaman's entitlement to maintenance and cure continues until he reaches "maximum cure" – a recovery as complete as the injury or illness allows.  Id.

The critical question before the court is under what standard it should consider Plaintiff's motion.  Defendants urge the court to treat the motion as one for summary judgment.  Plaintiff argues that the court can order maintenance and cure pending trial on a lesser showing than that required for summary judgment.  As another court in this district has noted in addressing a motion for maintenance and cure, "[o]ther than a motion for summary judgment, [the court is] aware of no procedure of obtaining pre-trial

ORDER – 2

judgment on the merits of a claim." <u>Guerra v. Arctic Storm, Inc.</u>, No. C04-1010L, 2004 U.S. Dist. LEXIS 24388, at *2-3 (W.D. Wash. Aug. 4, 2004).  In deciding a motion for summary judgment the court must resolve reasonable doubts against the moving party and draw all inferences in the light most favorable to the non-moving party. <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000).  This squares awkwardly with the Supreme Court's instructions to defer to seamen in determining maintenance and cure questions. <u>E.g.</u>, <u>Vaughan</u>, 369 U.S. at 532 ("When there are ambiguities or doubts, they are resolved in favor of the seamen."); <u>Aguilar v. Standard Oil Co.</u>, 318 U.S. 724, 735, (1942) (duty to pay maintenance and cure should "not be narrowly confined or whittled down by restrictive and artificial distinctions defeating its broad and beneficial purposes").

Although the Supreme Court has cautioned against "exceptions or conditions [that would] stir contentions, cause delays, and invite litigations" over maintenance and cure, it has never announced a standard under which courts should review pretrial motions seeking maintenance and cure. <u>Vella v. Ford Motor Co.</u>, 421 U.S. 1, 4 (1975) (quoting <u>Farrell v. United States</u>, 336 U.S. 511, 516 (1949)).  The Ninth Circuit has reviewed grants of summary judgment for maintenance and cure, but has never decided whether summary judgment is the only procedural vehicle a seaman can use to obtain maintenance and cure in advance of trial. <u>E.g.</u>, <u>Glynn v. Roy Al Boat Management Corp.</u>, 57 F.3d 1495, 1505-06 (9th Cir. 1995).  Many district courts within the Ninth Circuit have treated a motion to compel maintenance and cure as a motion for summary judgment under Rule 56. <u>E.g.</u>, <u>Guerra</u>, 2004 U.S. Dist. LEXIS 24388, at *3; <u>Blake v. Cairns</u>, No. C-03-4500 MJJ, 2004 U.S. Dist. LEXIS, at *2-3 (N.D. Cal. Aug. 16, 2004).  Others have employed a variety of less demanding standards. <u>E.g.</u>, <u>Kezic v. Alaska Sea</u>, No. C04-820P, 2004 U.S. Dist. LEXIS, at *5-7 (W.D. Wash. Sept. 1, 2004); <u>Boyden v. American Seafood Co.</u>,

ORDER – 3

2000 A.M.C. 1512, 1514 (W.D. Wash. 2000).  As another court within this district has

noted:

> Applying a summary judgment standard to the payment of maintenance and
> cure would invite litigation and cause delays by involving the court in the
> medical determinations of maximum medical improvement, thus
> undermining the policy of simplicity in these matters.

Boyden, 2000 A.M.C. at 1514 (Rothstein, J.).

The court is persuaded that the Supreme Court's instructions to construe claims for

maintenance and cure liberally in favor of seamen counsel against applying the rigid

standards of Rule 56 to a pretrial motion to compel maintenance and cure.  In exercising

its admiralty jurisdiction, the court is empowered to take a "flexible" approach.  Putnam

v. Lower, 236 F.2d 561, 568 (9th Cir. 1956).  The court acknowledges the tension

between a seaman's claim to payments for medical attention and living expenses and a

shipowner's concern that if it ultimately proves that the seaman is not entitled to

maintenance and cure, it may be left with little realistic opportunity to recover the

payments.  Nonetheless, the court must resolve that tension in favor of the seaman.

Turning to the facts of this case, it is clear that Plaintiff would not prevail if the

court construed his motion as one for summary judgment.  There are several major

disputes.  The parties disagree over whether Plaintiff sustained an injury in service of the

UNIMAK.  Dr. Haft maintains that Plaintiff's June 21, 2004 heart attack was the result of

lifting the pump aboard the UNIMAK on June 15, 2004.  Dr. Robert Thompson, who

reviewed Plaintiff's medical records for Defendants, opines that the heart attack was

unrelated.  Dr. Haft maintains that the treatment Plaintiff currently receives is "curative"

in nature, suggesting that Plaintiff has not reached maximum cure.  Dr. Thompson states

that Plaintiff has recovered as fully as his condition allows.  In addition, Defendants

contend that Plaintiff's heart condition and concomitant susceptibility to heart attacks was

ORDER – 4

a pre-existing condition that he intentionally concealed when he sought employment on the UNIMAK.[1]  Such conduct can bar a seaman from recovering maintenance and cure. Burkert v. Weyerhaeuser Steamship Co., 350 F.2d 826, 829 n.4 (9th Cir. 1965).

Because Plaintiff has put forth evidence supporting each element of his maintenance and cure claim, the court grants his motion to compel in part.  The court orders Defendants to pay maintenance from February 15, 2005 through November 30, 2005.  Between now and the end of November, Defendants may, if they choose, conduct additional discovery (including a medical examination of the Plaintiff under Fed. R. Civ. P. 35) to bolster their defense to the maintenance and cure claim.  Plaintiff may file a second motion for maintenance and cure beyond the end of November if circumstances warrant such relief.

The court denies Plaintiff's motion to the extent that it seeks cure payments. Although Plaintiff claims just under $10,000 in medical bills, he provides no evidence linking those bills to treatment designed to help him achieve maximum cure.  The court's denial of this portion of Plaintiff's motion is without prejudice to a subsequent motion that better establishes the curative nature of medical treatment he has received.

The court must also determine an appropriate maintenance rate.  Under Plaintiff's employment contract, he is entitled to $20 per day.  The court is not bound by a contractual rate, however, particularly in "instances in which the payment is not adequate to provide him with lodging and three meals per day of the kind and quality he would have received aboard the vessel."  Rutherford v. Sea-Land Service, Inc., 575 F. Supp. 1365, 1370 (N.D. Cal. 1983); see also Am. Seafoods Co. v. Nowak, No. C01-161P, 2002

_____

[1]The evidence suggests that Plaintiff intentionally concealed his heart condition in response to a pre-employment questionnaire, but Defendants have yet to seek summary disposition of this claim.

ORDER – 5

1  U.S. Dist. LEXIS 20254, at *6-7 (W.D. Wash. Feb. 25, 2002) ("a seaman's right to a

2  reasonable payment for maintenance is a legal right that cannot ordinarily be abrogated

3  by an individual employment contract."). After reviewing the parties' evidence, the court

4  concludes that $40 per day is an appropriate maintenance rate.[2]

5
   The only remaining question is Plaintiff's request for attorney's fees for this
6
   motion. Fees are available in instances where the shipowner "willful[ly] and
7
   persistent[ly]" withholds maintenance and cure. Glynn, 57 F.3d at 1501. The court finds
8
9  no willful or persistent withholding here. Defendants made substantial maintenance and

10 cure payments until February 2005, and cut off payments only in light of substantial

11 evidence supporting their defenses to maintenance and cure.

12                              **IV.  CONCLUSION**

13     For the reasons stated above, the court GRANTS Plaintiff's motion (Dkt. # 22) in
14
   part and DENIES it in part.
15
       Dated this 25th day of August, 2005.
16

17

18                                      _____
19                                      JAMES L. ROBART
20                                      United States District Judge

21

22

23

24  _____

25     [2]The court cannot accept Plaintiff's contention that the court should include living
   expenses for his wife as part of the maintenance award. The court awards maintenance purely
26  as a substitute for shipboard housing and food. Plaintiff clearly had no entitlement to his wife's
   company aboard the UNIMAK. As the court is not awarding cure at this point, it makes no
27  comment on whether expenses for Plaintiff's wife may be a component of a properly supported
   claim for cure.
28

ORDER – 6